IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Louis Clay Tharp,                        )
                                         )
                Plaintiff,               )
                                         )
vs.                                      )        Civil Action No. 4:11-cv-1819-TLW
                                         )
Media General, Inc.; Media General       )
Operations, Inc. d/b/a WBTW CBS News     )
13 and the Morning News; Media General   )
Communications Holdings, LLC d/b/a/      )
SCNOW .com; Mason Snyder; and Nicole     )
Boone,                                   )
                Defendants.              )
_____)

## JURY INSTRUCTIONS

### Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case. These instructions will be in three parts; first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, that is, what the Plaintiff must prove to make his case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you, whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathies. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the trial.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return — that is a matter entirely for you to decide.

## Burden of Proof

At the beginning of the case, I told you that the Plaintiff has the burden of proving his claims by a preponderance of the evidence. That means the Plaintiff has to produce evidence which, when considered in light of all of the facts, leads you to believe that what the Plaintiff claims is more likely true than not. To put it differently, if you were to put the Plaintiff's and Defendants' evidence on opposite sides of an imaginary set of scales, the Plaintiff would have to make the scales tip slightly on his side. If the Plaintiff fails to meet this burden, you would render a verdict for the Defendant.

Those of you who have sat as a juror on a criminal case will have heard of proof beyond a reasonable doubt. That is a higher standard of proof than the standard that is required of the Plaintiff in this case, that is, it requires more proof than a preponderance of evidence. The reasonable doubt standard does not apply to a civil case. Instead, the standard is preponderance of the evidence, which means more likely true than not.

There is one exception to the burden of proof requirement that I just discussed with you. As you will learn later in my remarks, there are certain defenses to a claim for defamation that a Defendant may assert, they are known as affirmative defenses. As to an affirmative defense raised by a Defendant, the Defendant bears the burden of proof by a preponderance of the evidence, rather than the Plaintiff. I will explain the affirmative defenses to you in more detail later in my instructions.

## Evidence

The evidence from which you are to decide what the facts are in this case consists of:

(1)     the sworn testimony of witnesses, both on direct and cross-examination, regardless of which party called the witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which all of the lawyers have agreed or stipulated to, or that I instruct you to find.

## What is Not Evidence

In reaching your verdict, you may consider only the testimony of witnesses and the exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list these for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, then your memory controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by an objection or by the Court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness who gets on the stand and tells you, "I saw it with my own eyes." Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. For example, circumstantial evidence allows you to infer the existence of Fact B from proof that Fact A exists, even though there is no eyewitness testimony about Fact B. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence in this case.

It is for you to decide whether a fact has been proved by direct or circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

## Expert Testimony

You have heard testimony from persons described as experts. Persons who, by education and experience, have become expert in some field may state their opinion on matters in that field and may also state their reasons for the opinion. Expert opinion testimony should be judged just as all other testimony in this case. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case. The testimony of experts is to aid and assist you as jurors, not to dominate or control you in the decision of questions of facts. You are required to decide disputed questions after comparison and consideration of all the evidence in this case.

## Deposition Testimony

During the trial, certain testimony was presented to you by way of a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. The deposition testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath in the form of a deposition. Such testimony of a witness is entitled to the same consideration and, insofar as possible, is to be judged as to credibility and weighed by you and otherwise considered in the same manner as if the witness had been present and had testified from the witness stand in court.

## Credibility of Witnesses

In deciding what the facts are, you must consider all the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You are the sole judges of the credibility, or believability, of each witness. You must decide for yourselves whether to believe the testimony of any witness. You may believe all or any part or nothing of what a witness said while on the stand. In making that decision, you should apply the same tests of truthfulness which you apply in your own everyday affairs. In doing this, you may take into account a number of factors including the following:

(1) Was the witness able to see, or hear, or know the things about which that witness testified?

(2) How well was the witness able to recall and describe those things?

(3) What was the witness's manner while testifying?

(4) Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

(5) How reasonable was the witness's testimony considered in light of all the evidence in the case?

(6) Was the witness's testimony contradicted by what that witness had said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction by a witness is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

These are some of the factors you may consider in deciding whether to believe testimony.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all of the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number of witnesses on the other.

All of these are matters for you to consider in finding the facts of this case.

## DEFAMATION LAW

Let me now turn to the claim asserted by the Plaintiff against the Defendants that you will decide. That claim is a claim for defamation. Each of the Defendants denies liability for the defamation claim asserted against them by the Plaintiff. The denial by the Defendants of the claim asserted in this case places the burden of proof on the Plaintiff to come forward with evidence to prove the material elements of his claim of defamation by a preponderance of the evidence. You will have to decide whether or not the Plaintiff has proved his claim of defamation by a preponderance of the evidence, or in other words, the greater weight of the evidence.

With this introduction in mind, let us now turn to the law as it applies to the defamation claim asserted by the Plaintiff in this case.

*I WILL NOW INSTRUCT YOU ON THE RULES OF LAW THAT APPLY IN THIS CASE.*

## Defamation in General

The Plaintiff's claim is for what is known in the law as defamation. Generally speaking, a defamatory statement is a false publication or communication which causes injury to a person's reputation and exposes him to public hatred, contempt, ridicule, shame, disgrace, or adversely affects him in his trade or business. The focus of defamation is not on the hurt to the defamed party's feelings, but on the injury to his reputation.

There are two types of defamation recognized under the law: (1) libel, which is a defamatory statement that is in writing; and (2) slander, which is oral or spoken defamation.

This case includes claims for both types of defamation—libel and slander. The law of defamation, as I am about to give it to you, applies equally to both written and spoken defamation.

A true statement is not defamatory, and not every false statement is defamatory. Only those false statements that naturally and normally tend to damage another's reputation in the community are defamatory.

Let me instruct you that when you are determining whether a statement in a broadcast or publication is false, the language used is to be given its ordinary meaning and is to be read and understood as the average viewer or hearer of the statement would have understood it at the time. Additionally, defamation does not necessarily need to be accomplished in a direct manner—an insinuation is actionable as a positive defamatory assertion if the insinuation is false and malicious and its meaning is plain.

## Defamation – Elements

Ladies and gentlemen of the jury, the Plaintiff is seeking damages for defamation. As I just instructed you, a defamation is defined as a false and damaging statement or publication about a person. In addition, the elements of a defamation claim for libel and slander are both the same—the only difference is in the fact that libel is written defamation and slander is oral defamation.

In this case, Mr. Tharp claims that the Defendants made defamatory statements about him in their August 6, 2010 broadcasts and publications. In order to prove that he has been defamed by the Defendants, the Plaintiff is required to prove each of the following four elements by a preponderance, or greater weight, of the evidence:

(1) that a false and defamatory statement was made concerning the Plaintiff by the Defendant, either in writing (libel) or spoken (slander);

(2) unprivileged publication of the statement to a third party by the Defendant;

(3) that, in publishing the statement, the Defendant acted with a certain degree of fault, which I will instruct you on further in a separate charge; and

(4) that the publication of the statement was the legal cause of injury to the Plaintiff.

In order to prove his claim for defamation, the Plaintiff bears the burden of proving each of these elements by a preponderance of the evidence, or greater weight of the evidence. If you find that the Plaintiff did not prove one or more of the elements, then you would find for the Defendants and against the Plaintiff on the claim for defamation. If you find that the Plaintiff proved all of the elements of his claim for defamation, then you would find for the Plaintiff on the claim for defamation.

## Falsity: Capable of Proof

In order to find for the Plaintiff in this case, you must first find that each statement at issue is capable of being proved false. Because the Plaintiff bears the burden of proving each statement at issue here false, he cannot do so if the statement is incapable of proof of falsity or truth.

## Opinion

To be defamatory, a statement must be false, and to be false it must be factual in nature. Statements of an opinion cannot be the basis of a lawsuit for defamation. A statement that is sufficiently factual to be susceptible of being proved true or false is not an opinion, but rather is a statement of fact.

## Proving that a Statement is Defamatory and False

As I noted, to prove his claim for defamation in this case, the Plaintiff has the burden of proving by a preponderance of the evidence that the statements made in the August 6, 2010 broadcasts and publications are defamatory because the statements are false.

In determining whether the statements made were defamatory, you should consider the August 6, 2010 broadcasts and publications as a whole. The meaning of a statement must be gathered not only from the words singled out as defamatory, but from the context; all of the parts of the broadcasts and publications must be considered in order to ascertain the true meaning, and words are not to be given a meaning other than that which the context would show them to have. You should not pick out and isolate words or phrases to determine whether the statements were defamatory. In determining whether the statements made were false, the language used is to be given its ordinary meaning and is to be read and understood as the average viewer or reader of WBTW would have heard or read and understood it at the time.

Again, the Plaintiff has the burden to prove the falsity of the statements made. If you find by a preponderance of the evidence, or greater weight of the evidence, that the statements, words, or images of the August 6, 2010 broadcasts and publications, when taken as a whole, falsely state that the Plaintiff is guilty of a crime, or falsely imply or insinuate that Plaintiff is guilty of a crime, or convey the false impression that Plaintiff is guilty of a crime you would find that Plaintiff has met his burden of proving this element of defamation.

## Falsity: Plaintiff's Burden of Proof

The Plaintiff has the burden to prove that the "gist" of the broadcast or publication—which is, again, the substance or core of the broadcast as a whole—was false as to the Plaintiff. In a defamation case such as this, the Defendants do not have to prove that their broadcast was true. The Defendants are free to offer evidence that the statements are true, but by doing so they do not assume that burden of convincing you. The burden remains on the Plaintiff to convince you that the statements complained of are false.

## Of And Concerning Plaintiff

The Plaintiff has the burden of proving by a preponderance of the evidence that the statements he asserts were defamatory were of and concerning himself. To the extent you find the August 6, 2010 Broadcast and Publication or any portion of it concerned someone other than the Plaintiff, you should disregard it.

## Proving that Defendants Acted with Common Law Malice

In addition to proving that the Defendants in their August 6, 2010 Broadcast and Publication made a defamatory and false statement or statements concerning the Plaintiff, the Plaintiff has the burden of proving by a preponderance of the evidence that the Defendants acted with a degree of fault. In this case, the Plaintiff must show that Defendants acted with a degree of "fault" that the law refers to as "common law malice."

Common law malice means that, in publishing the statements, the Defendants: (1) acted with ill will toward the Plaintiff with the purpose of causing him injury; or (2) that the statements about the Plaintiff were published with such recklessness as to show a conscious indifference toward the Plaintiff's rights.

In deciding whether or not the Defendants acted with common law malice, you should consider all of the evidence presented in this case. Additionally, as you deliberate on this element of defamation, you may consider whether the Defendants ignored or omitted important information that they had knowledge of at the time of the publications when there were obvious reasons for Defendants to doubt the truthfulness or accuracy of the information they reported.

## Proving that the Defamation Caused Injury to the Plaintiff

In order to prevail on his claim for defamation, Plaintiff has the burden of proving that he suffered actual injury as a result of the defamation. The injury can take a number of forms, including injury to reputation and standing in the community. I will instruct you on these and other forms of injury in a separate charge.

### Defenses Raised by the Defendants

If the Plaintiff proves all four of these elements by a preponderance of the evidence, then the Defendants have raised affirmative defenses that you should next consider.

### Substantial Truth Defense

The first of these defenses is the defense that the statements at issue in this case are true. Truth is an absolute defense to a claim of defamation. If the statements or communications were substantially true, then there has been no defamation and the Defendants cannot be held liable. The Defendants have raised truth as an affirmative defense to liability in this case. The Defendants may offer evidence that a statement is true.

In determining whether a statement is true, it is not necessary for you to find that the statement is the literal truth. Instead, the law only requires that you find that the statement was substantially true in order for it to be deemed true under the law. This means that minor inaccuracies do not amount to a false statement provided that the statement overall is true in substance. A Defendant who raises truth as an absolute, or complete, defense to a claim of defamation may offer evidence to prove that the statement itself is true.

You must determine from the evidence presented what the truth was and compare that with the statements which you find were made by the Defendant, considering the statements according to the ordinary meaning of the language used.

There can be no recovery in defamation for a statement of fact that is true, although the statement is made for no good purpose and is inspired by ill will toward the person about whom it is published and is made solely for the purpose of harming him.

If you find there was no substantial difference between the statements and the truth, then the Defendant has established the defense of truth. If you find the statements differed in substantial respects from the truth, then the defense of truth has not been made out.

If you find that the statements were substantially true, then you would find for the Defendants because the truth of a statement is a complete or absolute defense to a claim for defamation. If you find that the statements were not true or that the statements differed in substantial respects from the truth, then this defense does not protect the Defendants from liability and you should move to consider the next defense raised by the Defendants.

## Fair Report Privilege: Defendants' Burden of Proof

You will note that I have been talking about the burden of proof as it relates to the Plaintiff. As you consider the following affirmative defense raised by the Defendants, the Fair Report Privilege, the burden of proof will shift so that, only on the issue of proving that affirmative defense, the Defendants will bear the burden of proof. In other words, as to the Fair Report Privilege affirmative defense to the defamation claim which has been raised by the Defendants, the Defendants bear the burden of proving that defense by a preponderance of the evidence, or greater weight of the evidence, rather than the Plaintiff.

## Defense: Fair Report Privilege

South Carolina recognizes a privilege that protects the Defendants from liability for defamation in certain circumstances. That privilege is called the Fair Report Privilege. Under this privilege, the media and news organizations cannot be held liable if they fairly and accurately publish or report the activities of the government contained in official public records. This case involves the Fair Report Privilege because the Defendants assert that the news broadcasts and publications at issue reported on various statements and allegations that it obtained from *or based on* official public records such as official police press releases and judicial proceedings. The media may summarize the reasons for an arrest as represented in a police report or other official public record, so long as that summary is a fair, accurate, and representation of the information in the official report. Under the Fair Report Privilege, if the media presents a fair and accurate report of information it obtains from official government reports or public records, the media is protected from liability for defamation, even if the information is later found to be false.

The Fair Report Privilege does not apply to protect a news organization or its employees from liability for a defamation claim if the news organization made statements, published, or broadcast information that was not obtained from or based upon an official government report or official public record. If the media goes outside the public record, the Fair Report Privilege does not apply and the media is not protected from liability. Additionally, the Fair Report Privilege does not apply if the media does not report information from a public record in a fair or accurate manner. The media is not permitted to omit relevant or important information if such an omission results in an unfair or inaccurate news report. The media is also not permitted to publish a misleading, sensationalized, biased, unfair, or inaccurate broadcast or publication, even if the media obtained the information from an official public record.

If you determine that the Defendants' broadcasts and publications were fair and accurate reports or summaries of information the Defendants obtained from or based upon official public records, you would find for the Defendants in this case. On the other hand, if you determine that any of the August 6, 2010 broadcasts and publications made by the Defendants were not based upon an official public record but instead were based upon the Defendants' own independent investigation, or that the Defendants omitted information that rendered the broadcasts and publications misleading, unfair, or biased, then the Defendants are not protected from liability for Plaintiff's claim of defamation in this case under the Fair Report Privilege.

## Republication of Defamatory Statements

Under the law of defamation, the law states that a person who repeats a defamatory statement is as liable as the original defamer. It is not a defense to a claim of defamation that another person is quoted who did in fact make the original defamatory statement, if the statement itself is false. In this case, if you find that the alleged victim or his mother made false and defamatory statements about the Plaintiff which were then broadcast or published by the Defendants in the August 6, 2010 broadcasts and publications, then you may find that the Defendants are liable for the defamatory statements, so long as you also find that the Plaintiff satisfied his burden of proof with respect to the degree of fault and injury required for a claim of defamation, applying the law related to defamation as charged in these instructions.

## Separate Consideration of Each Defendant

Although there is more than one Defendant in this action, it does not follow that if one is liable, all are liable. Each Defendant is entitled to a fair consideration of that Defendant's own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against another Defendant. Unless otherwise stated, all instructions given to you by me apply to the case against each Defendant.

## Damages for Injury– Defamation

Generally speaking, damages are given as compensation for an injury done. When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties. If you find that the Plaintiff has proved by a preponderance of the evidence and in accordance with my instructions his claim of defamation, then you may award to the Plaintiff such sums as you believe are reasonable and just in this case.

In this case, if you find for the Plaintiff on his claim for defamation, the law permits you to award two types of damages that are known as "actual damages" and "special damages."

## Damages

The very essence of an action for defamation is that the Plaintiff has suffered damage as a result of the injurious effect of the defamation upon his reputation. Where a Plaintiff is entitled to recover "actual damages" for the injury to his reputation the defamatory statement has caused him, these actual damages include:

     (1)  injury to reputation and standing in the community;

     (2)  embarrassment caused by the injury to reputation;

     (3)  personal humiliation;

     (4)  mental anguish and suffering;

     (5)  wounded feelings caused by injury to reputation.

In addition to the actual damages I just described, if the Plaintiff proves by a preponderance of the evidence that he is entitled to "special damages," he may recover as special damages any expenses or loss of value that can be attributed to the Defendants based upon the August 6, 2010 broadcasts and publications. *Neither* actual damages special damages are presumed to flow from the defamation itself, but instead are capable of being assigned a specific monetary value. Therefore, the Plaintiff must specifically prove the amount of special damages he seeks.

Special damages consist of specific identifiable economic or material losses to the Plaintiff as a result of the defamatory statements made by the Defendants. Special damages include tangible losses or injury to the Plaintiff's property, business, occupation or profession, which are capable of being assessed monetarily and which result directly from the injury to the Plaintiff's reputation. Special damage is the manifestation of injury to reputation which is computable in money or capable of being assessed at monetary value.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the Plaintiff's damages, no more and no less.

## S.C. Mortality Table

If you find that Plaintiff has suffered permanent injury, you should consider the South Carolina Mortality Table, along with other evidence as to Plaintiff's health, constitution, and habits, to determine Plaintiff's life expectancy. Plaintiff is 63 years old and under the South Carolina Mortality Table, a 63 year old male has a life expectancy of 18.29 years.

## No Speculative Damages

You may not include damages that are speculative, only possible, or that are based on guesswork. A Plaintiff is never entitled to recover conjectural or speculative damages. However, if you find the Plaintiff is entitled to a verdict for actual damages, your verdict should include an amount for any past, present, and future damages which were proximately caused by the Defendants. Any future damages must be reasonably certain to occur in the future as a result of the Defendants' acts. In addition, any future damages must be reasonably calculated to have resulted from the alleged injury caused by the Defendants in this case. Actual damages need not be proven to a mathematical certainty or be based on evidence of the precise amount of damages the Plaintiff has suffered. Instead, the evidence must allow you to determine what amount of damages is fair, just, and reasonable.

## Plaintiff's Duty to Mitigate Damages

The law requires those who have been allegedly harmed by the acts of another to take reasonable steps to minimize, or mitigate, the damages caused by the alleged harm. In other words, a Plaintiff cannot refrain from taking reasonable actions that would mitigate damages, or take affirmative steps to exacerbate damages, and then later claim a right to compensation for all their damages, even though some of those damages could have been prevented by the Plaintiff.

This duty applies to defamation claims. Any Plaintiff who believes he or she has been defamed must take available steps to correct a falsehood or minimize any potential adverse impact an alleged defamation may have on their reputation. If you find that the Plaintiff could have taken some mitigating action but failed to do so, or that the Plaintiff's own independent actions led to more severe damages than the defamatory statements, you should reduce any damages award by the amount you determine those inactions or actions could have caused additional damage to Plaintiff.

## Damages: Plaintiff's Reputation

The interest of a Plaintiff in a defamation case is his reputation. In determining the amount of damage that a Plaintiff has incurred because of a defamatory publication, you must take into account the Plaintiff's prior reputation. If you find in this case that the reputation of the Plaintiff has already been damaged or tarnished by adverse events or publicity prior to publication of the articles, then you may consider such proof in determining any amount to be allowed as damages, if any. With respect to the extent of Plaintiff's damages, you may consider the fact that Plaintiff had, in fact, been arrested on charges of kidnapping and criminal sexual conduct with a minor, and the details of the arrest had previously been broadcast and published following his June 18, 2010 arrest.

## **Expungement Does Not Apply to the Media**

South Carolina law provides that after an individual's criminal charges are expunged, the arrest and booking record, files, mug shots, and fingerprints of that person must be destroyed and no evidence of the record pertaining to the charge may be retained by any municipal, county, or state law enforcement agency. However, there is no similar law requiring the media to erase or destroy previous broadcasts, articles, or any other publications concerning an arrest or report on a public record that was later expunged from government records after the media's publication. In addition, the media is not obligated or required to update or correct a previously published news broadcast, article, or other publication concerning an arrest.

## **Liability of Corporations**

WBTW is owned by a corporation; however, this case should be considered and decided by you as a case between persons of equal standing. A corporation is entitled to the same fair trial as is a private citizen. A corporation can have knowledge, act recklessly, or act negligently, but it can only act through its employees, agents, directors, or officers. The law therefore holds a corporation responsible for the acts of its employees, agents, directors, and officers, if but only if those acts are authorized by the corporation. An act is authorized if it is a part of the ordinary course and scope of employment of the person doing it. Whether or not a particular act was an authorized one is a question you must decide based upon the evidence in this case.

Again, the fact that a Plaintiff or a Defendant is a corporation should not affect your decision. All persons are equal before the law, and corporations, whether large or small, are entitled to the same fair and conscientious consideration by you as any other person under the law.

## Proximate Cause

The Plaintiff seeks to recover actual and punitive damages against each of the Defendants. It is the Plaintiff's burden to prove his damages, if any, were a proximate result of the actions of the Defendants. Proximate cause is a legal term of art which means the direct cause, or in other words, the thing which directly brings about the damage complained of. In this respect, you may consider that Plaintiff was the subject of publicity and reporting concerning his arrest on June 18, 2010. Harm to the Plaintiff's reputation from the prior news accounts or the filing of the civil complaints is not compensable.

You shall consider only the damage, if any, to Plaintiff that occurred as a result of the defamatory statements made by Defendants in the August 6, 2010 broadcasts and publications. You should not award damages to the Plaintiff for any damages or harm to his reputation that were the result of publications in any other television broadcast or online media or in other newspapers. You should not award damages to the Plaintiff for injuries you find were caused by something or someone other than the defamatory statements made by the Defendants. Defendants are only liable for damages that were directly caused by the defamatory statements made by the Defendants.

## Damages Instruction

The fact that I have instructed you on the proper measure of damages should not be considered as an indication as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event that you should find in favor of the Plaintiff on the question of liability by a preponderance of evidence and in accord with my instructions.

Your award of damages should be based on the evidence before you and should not be based upon speculation, conjecture, or sympathy for either party. While proof with mathematical certainty is not required, the evidence should be such as to allow you to determine damages with reasonable certainty.

## PUNITIVE DAMAGES

In this case, the Plaintiff seeks punitive damages in addition to actual damages. A Plaintiff may not recover punitive damages unless he first recovers actual or special damages. Therefore, before you can award punitive damages, you must first have determined that the Plaintiff is entitled to actual and special damages. There must be an award of actual damages for a verdict of punitive damages to be supported.

### Punitive Damages: Constitutional Actual Malice By Clear and Convincing Evidence

The Plaintiff in this case has made a claim for punitive damages. You will be given a separate jury charge on the subject of punitive damages, but before you may consider whether or not to award punitive damages in this case, the Plaintiff has the burden of proving the existence of falsity and that the Defendants acted with what the law refers to as "constitutional actual malice" by clear and convincing evidence. The Plaintiff must prove that the Defendant is liable for punitive damages because it acted with constitutional actual malice by a higher standard than that for proof of other damages, that is, by clear and convincing evidence.

Clear and convincing evidence is an elevated standard of proof, which lies between the lesser standard of "preponderance of the evidence," which is used in most civil cases, and the higher standard of "beyond a reasonable doubt," which is required in criminal cases. Clear and convincing evidence is that degree of proof which will produce in your mind a firm belief or conviction that the Defendants acted with constitutional actual malice. The clear and convincing evidence standard is an intermediate standard, more than is required for a mere preponderance of the evidence but less than is required for proof beyond a reasonable doubt; it does not mean clear and unequivocal.

## Constitutional Actual Malice Defined

Constitutional actual malice is a different and higher standard than the common law malice standard required for defamation. Constitutional actual malice means that the publisher of a defamatory statement had actual knowledge that the statement was false or acted with reckless disregard as to whether or not the statement was false. The crucial element is whether the Defendants knew that the statements were false or entertained serious doubts as to their truthfulness. In order for you to find constitutional actual malice, Plaintiff has the burden of proving by clear and convincing evidence that the Defendants acted with:

(1) knowledge that the August 6, 2010 Broadcast and Publication were false; OR

(2) with reckless disregard as to whether or not the August 6, 2010 Broadcasts and Publications were false.

"Knowledge of falsity" means the person or persons actually publishing the statements had knowledge at the time of publication that the statements were in fact false.

"Reckless disregard for the truth" means the person or persons actually publishing the statements did in fact entertain serious doubts as to the truth of the publication. There must be evidence that the Defendants had a high degree of awareness of probable falsity. This requires more than a departure from reasonably prudent conduct. Failure to investigate before publishing, even when a reasonably prudent person or publisher would have done so, is not sufficient to establish "reckless disregard." Constitutional actual malice may be present, however, where the Defendant fails to investigate and is aware of obvious reasons to doubt the veracity of the Defendant's informant.

If you find that the Defendants, their agents, employees, or representatives, in good faith, believed the statements in question were accurate and true at the time of their broadcast and

publication, constitutional actual malice is not established.

There is no formula or standard that can be used as a measure for assessing punitive damages. However, some factors relevant to your consideration of punitive damages are:

a. the nature and egregiousness (reprehensibility) of the Defendant's conduct.

b. the extent and duration of the Defendant's wrongdoing and the possibility of its recurrence.

c. the intent of the Defendant in committing the wrong.

d. the profitability of the Defendant's wrongdoing.

e. the amount of actual damages awarded.

f. the financial circumstances, that is, the financial condition and/or the net worth of the Defendant.

As already stated, in making your award, you should consider the degree of reprehensibility of the Defendant's wrongdoing. You should consider all the evidence, both aggravating and mitigating, to decide how much punishment the Defendant's conduct deserves.

In this case, during your deliberations, you will first be required to determine whether the Plaintiff should recover general and special damages. Then, and only then, you must decide whether the Defendants' conduct was the product of actual malice. You should indicate your answer to this question in the appropriate blank on the verdict form that I will give to you when you begin your deliberations. If you answer this question "yes," then you would proceed to consider an award of punitive damages.

## Knowledge At The Time

In determining whether the Defendants published any statement about the Plaintiff with constitutional actual malice, you are to be governed by what the evidence shows that the Defendants in fact knew or were aware about the truthfulness or falsity of such statements at the time of their publication. It is the Defendants' knowledge at the time of the publication which is controlling, and not what the Defendants, with hindsight, after being informed of the Plaintiff's objections, could have learned or might have learned. When considering constitutional actual malice, the question is not whether the Defendants, through any negligence or carelessness, published falsehoods, but instead whether the Defendants, at the time they published the August 6, 2010 Broadcasts and Publications, knew that any statements made were false or whether the Defendants in fact entertained serious doubts as to their truthfulness.

## Duty to Deliberate

Let me know give you some general instructions regarding your duties as a juror. When you retire to the jury room, you should first elect one from among you to serve as your foreperson. It should not take you long to do so. The foreperson will preside over the deliberations and speak for the jury here in court, if necessary.

When you retire to the jury room, you should discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be <u>unanimous.</u>

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight or effect of the evidence simply to reach a verdict. In other words, do not change your opinion solely for the sake of reaching a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. You sole interest is to seek the truth from the evidence presented in this case.

While you are deliberating, do not receive or send electronic communications about this case. Electronic communications includes texting, emailing, blogging, posting information on social network websites, or using any other electronic communications to discuss, or even mention, this case. Also you should not seek any outside information from the Internet or other sources about this case. Do not seek information about any aspect of the case, including searching on the Internet. You are not to consider news reports–broadcasts, print, or Internet–relating to this case or issues in this case.

## Note-Taking

Some of you have taken notes during the trial. Remember that the notes are for your own personal use. They are not to be given or read to anyone else and they are not to be used in place of your memory. If there is a conflict between your notes and your memory, you should rely on your memory.

## Ordinary Inferences

In your consideration of the evidence, you are permitted to draw, from the facts that you find to have been proved, such reasonable inferences that seem justified in light of common experience and your experience.

## Ruling on Objections

There are rules of evidence that control what can be received into evidence in this case. When a lawyer asks a question or offers an exhibit into evidence and the lawyer on the side thinks that it is not permitted by the rules of evidence, that lawyer may object. The rules provide for objections. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes, I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## Communicating with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or only here in open court. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

## Return of Your Verdict

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.