1

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
                         FLORENCE DIVISION

-------------------------------

LOUIS CLAY THARP,                           CV NO.: 4:11-1819
                                            Columbia, SC
          Plaintiff                         May 16, 2014

    -against-

MEDIA GENERAL, INC.,
et al.,

          Defendants                        EXCERPT OF PROCEEDINGS

-------------------------------

                    BEFORE HON. TERRY L. WOOTEN
             CHIEF UNITED STATES DISTRICT COURT JUDGE
                           JURY TRIAL


APPEARANCES:


FOR PLAINTIFF:       LEWIS BABCOCK & GRIFFIN, LLP
                     BY:  JAMES M. GRIFFIN, ESQ.
                          MARGARET N. FOX, ESQ.
                     P.O. Box 11208
                     Columbia, SC  29211

FOR DEFENDANT:       CARL F. MULLER, ATTORNEY AT LAW, PA
                     BY:  CARL F. MULLER, ESQ.
                     607 Pendleton Street, Suite 201
                     Greenville, SC  29601



COURT REPORTER:      DANIEL E. MAYO, RDR
                     Certified Realtime Reporter
                     901 Richland Street
                     Columbia, SC  29201



              STENOTYPE/COMPUTER-AIDED TRANSCRIPTION
```

1	THE COURT: I'm informed we have -- please be seated.
2	I'm informed we have a verdict in the case. This has been an
3	emotional case at times, it's been an intense case at times.
4	If anybody for any reason thinks you can't control your
5	emotions when this verdict is rendered I'd ask you to please
6	step out at this time. Please bring in the jury.
7	(Jury in, 5:33 p.m.)
8	THE COURT: Ladies and gentlemen of the jury, I'm
9	informed that you have reached a verdict in this case. Sir,
10	you are you foreperson?
11	FOREPERSON: Yes.
12	THE COURT: Have you reached a verdict?
13	FOREPERSON: Yes, we have.
14	THE COURT: I'll ask that you pass that verdict to
15	the court security officer and he will pass it to the clerk.
16	(There was a pause in the proceedings)
17	THE COURT: Madam Clerk, if you will please publish
18	the verdict.
19	THE CLERK: In the matter of the case of Louis Clay
20	Tharp versus Media General, Inc., Media General Operations,
21	Inc., doing business as WBTW CBS News 13 and the Morning News,
22	Media General Communications Holdings, LLC doing business as
23	SCNOW.com, Mason Snyder and Nicole Boone, civil action
24	4:11:1819. Question one. As to plaintiff's claim for
25	defamation, we the jury unanimously find for the plaintiff

1  Louis Clay Tharp.
2       Question two, liability of each defendant.  The jury
3  finds Media General, Inc., Media General Operations, Inc.,
4  Media General Communications Holdings, LLC liable to the
5  plaintiff for his claim of defamation.
6       Question three, actual and special damages.  The
7  amount of actual and special damages sustained by the
8  plaintiff Louis Clay Tharp for his defamation claim is
9  $332,000 and zero cents.
10      Question four, punitive damages.  Do you award
11 punitive damages against the defendants Media General, Inc.
12 and Media General Operations, Inc. and Media General
13 Communications Holdings, LLC based upon a finding of
14 constitutional actual malice on the part of defendant Nicole
15 Boone or Mason Snyder to the plaintiff Louis Clay Tharp.
16 Answer, no.  Signed foreperson of the jury, May 16, 2014.
17      THE COURT:  Thank you.  Let me ask the plaintiff or
18 plaintiff's counsel, do you request polling in this case?
19      MR. GRIFFIN:  Yes, your Honor.
20      THE COURT:  And I'll just ask -- plaintiff has asked
21 and we will poll.  Does the defendant request polling in the
22 case?
23      MR. MULLER:  No, sir.
24      THE COURT:  Well, in light of plaintiff's request for
25 polling I would ask the clerk please poll the members of the

1    jury.  You will be asked two questions, each member of the
2    jury, questions in connection with your verdict, and you'll
3    answer with yes or no.
4             (The jury was polled by the clerk and all answered in
5    the affirmative.)
6             THE CLERK:  Thank you.
7             THE COURT:  Thank you.  In just a moment I intend to
8    excuse the members of the jury in this case.  Before I do that
9    let me ask if there are any additional matters that we need to
10   address before I excuse the members of the jury in this case?
11   Let me first ask that question first of the plaintiff.
12            MR. GRIFFIN:  Nothing from the plaintiff, your Honor.
13            THE COURT:  Let me ask the defense.
14            MR. MULLER:  Nothing from the defendants, your Honor.
15            THE COURT:  Thank you.  Ladies and gentlemen of the
16   jury, let me thank you first for your service in this case.
17   When you were here, it would be about two weeks ago on Monday,
18   I told you, I believe, that jury service is hard work.  I
19   either told you then or told you in the video that you saw.
20   And as you now know, jury service is hard work.  It's
21   important work.
22            And as I told you, the citizens of this country have
23   a significant role in resolving legal disputes that arise in
24   this country.  That's the way we've decided and our
25   forefathers decided that disputes are resolved in this country

1    by jury trial, by citizens who come in and hear the disputes
2    and make a decision.  And the systems has worked well.
3    Certainly the collective wisdom in the role that you play, and
4    we don't bring teenagers in to try cases.  And individuals
5    come in with experience and life experiences and they listen
6    to the facts of the case and listen to the law that applies to
7    the case and we reach a conclusion about the matter and reach
8    a verdict in the case.
9             This is a system that many countries around the
10   world, even developing countries, they have decided this is
11   the system they wish to adopt.  And there's some have
12   expressed in the United States it's always the same.
13   Individuals, corporations, everybody is equal in the
14   courthouse.  And I think there's a great deal of truth to
15   that.
16            And that's why this system is a great system we have
17   and I've found over the years it is the best system.  There
18   are other systems that could be adopted, but this is the best
19   system to resolve disputes in this country.  Everybody has a
20   fair opportunity to present their case and citizens come in
21   and decide these significant matters.  They were significant
22   matters to all involved.
23            So I appreciate your hard work and long time and I
24   hope you had enough breaks.  Sometimes I think we run these
25   jury trials in somewhat of a tight schedule.  I will tell you

1  we're here oftentimes, the lawyers and the litigants, after
2  you had left to deal with matters that couldn't be dealt with
3  so we could run on schedule and get the case tried in a
4  reasonable period of time.  I know you all have a lot of other
5  matters to deal with, personal matters, professional matters,
6  job matters, all those things that you have to do, and when
7  you come here your life kind of freezes.  You are here every
8  day from and your individual experiences and different
9  environment.
10           But let me thank you for your service, let me thank
11 you for your careful consideration of this matter and thank
12 you for the work that you did to render a verdict in this
13 case.
14           Madam clerk, is there anything that you need to take
15 up with the members the jury before I excuse them?  Do they
16 get a certificate?  Those who have a certificate in connection
17 with your service that you can use, if necessary, but, again,
18 thank you for your service.
19           Let me say to you I hope you have, as I said, a nice
20 evening.  You will not be back here tomorrow so I think you
21 might have a little nicer evening than you had the other
22 times.  And safe trip home, and we do hope to see you at some
23 point in the future.  Thank you.  You are excused at this
24 time.
25           (Jury out, 5:42 p.m.)

1            THE COURT:  Anything else in this matter before we
2    adjourn?  Before I do that, let me ask if there's anything
3    further that needs to be addressed.  Let me ask if there's
4    anything further from the plaintiff in this case.
5            MR. GRIFFIN:  No, your Honor.
6            THE COURT:  Let me ask if there's anything further
7    from the defense in this case.
8            MR. MULLER:  Your Honor, we would move for judgment
9    as a matter of law because there not being liability against
10   the corporate defendants without a finding of liability as to
11   the individual defendants.  So that verdict must be set aside.
12           THE COURT:  Let me see that verdict form, please.
13   Well, anything further in connection with that position, Mr.
14   Muller?
15           MR. MULLER:  Nothing further in connection with that
16   position.  May I have ten days to make other post-trial
17   motions?
18           THE COURT:  You may have that period of time.  I tell
19   people you have time -- you have that time.  Please check the
20   rules to be sure that you have the time.  I think you have a
21   little bit more time than that, but I'll grant to you time to
22   file any post-trial motions in this case.
23           MR. MULLER:  Thank you, your Honor.
24           THE COURT:  In terms of the motion that was just
25   made, Mr. Griffin, would you like to be heard?

1            MR. GRIFFIN:  Well, yes, your Honor.  What we would
2    like to do is take the 14 days under the rules to respond to
3    his motion and we perhaps will have a motion ourselves for a
4    mistrial.  I don't think it's a matter of judgment as a matter
5    of law or -- I mean, verdicts can be inconsistent and it's
6    really not inconsistent in this instance.  There was evidence
7    of the total lack of supervision and recklessness in that
8    regard and would show the conscious indifference.  I think
9    there's enough evidence in the record to support the findings
10   of the jury.
11           But, frankly, your Honor, I'm not sure.  We may want
12   to file a motion for mistrial and so I don't want to argue too
13   much.  It could be it's just inconsistent and the remedy is a
14   mistrial and a do over.  So I'd just rather, with the court's
15   permission, brief the issues within 14 days.
16           THE COURT:  What if you file a mistrial and the
17   defendants consent?
18           MR. GRIFFIN:  Love to be back, had a great time.
19           THE COURT:  Well, obviously, we had a lot of
20   discussion and, of course, we had the verdict form.  So I'll
21   deny that motion at this time, and then you can file or renew
22   a motion to reconsider.  Once you have an opportunity to read
23   that motion and to present any law that suggests that maybe
24   that motion should be reconsidered we can do so within the
25   appropriate time.

1         But in light of the verdict I will deny the motion at
2    this time.  I'll simply say I suppose the jury can decide who
3    they would conclude faces liability in the case.  Of course,
4    the verdict form was put together in a way to ask which
5    defendants are liable and the jury rendered its verdict.  I
6    suppose they may have the authority to make some decisions
7    about who would be liable and would not be liable and they
8    reached that decision.
9         In light of the motion that has been made at this
10   time I will deny the motion but give either party an
11   opportunity to ask to reconsider that ruling in light of the
12   case law that would be appropriate in that connection.
13        So I'm prepared to adjourn at this point.  Give you
14   one final time before I adjourn, let me ask is there anything
15   further from the plaintiff at this time?
16        MR. GRIFFIN:  No your Honor.
17        THE COURT:  Anything further from the defense at this
18   time?
19        MR. MULLER:  No, sir.
20        THE COURT:  I appreciate the lawyers working this
21   case.  We had a lot of motions and a lot of time spent doing
22   what needs to be done to have the trial proceed in a way that
23   everybody can try the case without having to have a lot of
24   motions dealt with and try your case.
25        I tried a lot of cases with the government as a

1  lawyer and it's calling one witness after the next and often
2  making statements to the jury.  So that's a hard job.  So we
3  trial lawyers, you know how hard it is to try a case.  It's
4  difficult, a difficult profession.  I appreciate the work of
5  the lawyers in terms of the filings made so we could take up a
6  number of matters before the trial started, which you did, and
7  I think it made the trial run smooth for the benefit of all.
8            Having said that, if there's nothing in this case at
9  this time, we're adjourned.
10           (Court adjourned, 5:48 p.m.)
11
12           I certify that the foregoing is a correct transcript
   from the record of proceedings in the above-entitled matter.
13
14 Date:  6-30-14                    s/  Daniel E. Mayo
15
16
17
18
19
20
21
22
23
24
25