IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Louis Clay Tharp, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 4:11-cv-01819-TLW |
| ) | |
| Media General, Inc.; Media General ) | |
| Operations, Inc. d/b/a WBTW CBS News ) | |
| 13 and The Morning News; Media General ) | |
| Communications Holdings, LLC d/b/a/ ) | |
| SCNOW.com; Mason Snyder; and Nicole ) | |
| Boone, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

This matter is now before the Court on the Defendants' post-trial motion for judgment as a matter of law and notwithstanding the verdict and to alter the judgment filed on June 17, 2014. (Doc. #182). The Plaintiff filed a response opposing the Defendants' motion on July 7, 2014 (Doc. #184), to which the Defendants replied on July 17, 2014 (Doc. #185). For the reasons stated below, the Defendants' motion is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff brought this defamation action on July 27, 2011, and filed an amended complaint on April 10, 2012. (Doc. #1; 44). On December 16, 2013, this Court denied the Defendants' motion for summary judgment. (Doc. #102). This matter was tried before a jury the week of May 12, 2014, through May 16, 2014. (Doc. #165; 173). At the close of the trial, the case was considered by the jury which, after due deliberations, found for the Plaintiff on the defamation cause of action. (Doc. #177). The jury awarded damages to the Plaintiff in the amount of $332,000.00. (Doc. #181). Specifically, the jury found Defendants Media General,

1

Inc., Media General Operations, Inc., and Media General Communications Holdings, LLC (collectively, the "Media General Defendants" or "corporate Defendants") were liable to the Plaintiff for his claim of defamation, while Defendants Mason Snyder and Nicole Boone (collectively, the "individual Defendants") were not liable. (Doc. #177 at 2). On May 19, 2014, the Clerk entered judgment in favor of the Plaintiff pursuant to the jury verdict in his favor. (Doc. #181).

The Defendants filed a motion for judgment as a matter of law and notwithstanding the verdict ("JNOV") and to alter the judgment pursuant to Federal Rules of Civil Procedure 50(b) and 59(e) on June 17, 2014. (Doc. #182).

## **LEGAL STANDARD OF REVIEW**

Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, a district court may grant a judgment notwithstanding the verdict "if there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party." Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998) (internal quotation marks omitted). "[T]he evidence and all reasonable inferences from it are assessed in the light most favorable to the non-moving party, and the credibility of all evidence favoring the non-moving party is assumed." Crinkley v. Holiday Inns, Inc., 844 F.2d 156, 160 (4th Cir. 1988) (citations omitted). The evidence must be "'of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment could reasonably return a verdict for the non-moving party.'" Id. (quoting Wyatt v. Interstate & Ocean Transp. Co., 623 F.2d 888, 891 (4th Cir. 1980)). A court is not permitted to retry factual findings or credibility determinations reached by the jury; instead, a court must "assume that testimony in favor of the nonmoving party is credible, unless totally incredible on its face, and ignore the substantive weight of any evidence supporting the moving party." Cline, 144 F.3d at 301 (internal quotations and citation omitted). Therefore, when a jury has returned a verdict, the

court may grant a Rule 50(b) motion for judgment as a matter of law only if, "viewing the evidence in a light most favorable to the nonmoving party (and in support of the jury's verdict) and drawing every legitimate inference in that party's favor, the only conclusion a reasonable jury could have reached is one in favor of the moving party." U.S. ex rel. Drakeford v. Tuomey, 976 F. Supp. 2d 776, 784–85 (D.S.C. 2013) (quoting Pitrolo v. Cnty. of Buncombe, NC, 407 F. App'x 657, 659 (4th Cir. 2011)). "If reasonable minds could differ, the court must affirm the jury's verdict." Id.

Unlike the procedure under Rule 50(b), a district court is permitted to weigh the evidence when considering a motion for a new trial under Rule 59(e). Cline, 144 F.3d at 301. The court should grant a new trial only if "'(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" Id. (quoting Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996)). In considering this motion, the court views the evidence in the light most favorable to the prevailing party. Perrin v. O'Leary, 36 F. Supp. 2d 265, 266 (D.S.C. 1998). "Such a motion should be denied, unless there were substantial errors in evidentiary rulings or jury charges, or unless 'the evidence, together with all inferences that can reasonably be drawn therefrom, is so one-sided that reasonable people could not disagree on the verdict.'" Id. (quoting Bennett Enters., Inc. v. Domino's Pizza, Inc., 45 F.3d 493, 497 (D.C. Cir. 1995)). A district court's denial of a motion for a new trial "rests with the sound discretion of the trial judge and will not be reversed absent an abuse of discretion." Stamathis v. Flying J, Inc., 389 F.3d 429, 436 (4th Cir. 2004).

## DISCUSSION

Initially, the Court notes that the Defendants raised no objection to either the jury instructions or the verdict form that were ultimately presented to the jury. Prior to charging the jury on the law, the Court conducted a lengthy charging conference with counsel for the parties, during which the Court carefully considered each objection the Plaintiff and the Defendants raised to the proposed jury charge and proposed verdict form, and the Court modified the proposed charge based on the objections raised. (Transcript of Trial on May 15, 2014 at p. 92–108, 111–192). At the conclusion of the charging conference, the Court had addressed all objections and the parties were satisfied with the jury instructions and verdict form as drafted. At the conclusion of the parties' closing arguments and prior to charging the jury, the Court offered the Plaintiff and the Defendants another opportunity to raise any new issue in connection with the jury instructions or verdict form, and the Court revised the verdict form to conform to the parties' requests. (Transcript of Trial on May 16, 2014 at p. 42–50). Following the Court's charging the jury on the law and before the jury began deliberations, the Court again inquired of the Plaintiff and the Defendants whether there were any issues or objections with the charge as delivered to the jury or the verdict form. (Transcript of Trial on May 16, 2014 at 85–94). Ultimately, the Defendants raised no objection to the final jury charge or verdict form. (Transcript of Trial on May 16, 2014 at 92). Therefore, to the extent the Defendants assert that there was an error in the jury instructions or on the verdict form, based on the record before the Court, that argument is without merit and is deemed waived by the Court. However, even assuming non-waiver, after careful consideration, the Court concludes that the jury instructions and verdict form submitted by the Court to the jury were not in error. (Docs. #175; 177). Therefore, the Defendants' motion for judgment as a matter of law and notwithstanding the verdict and to alter the judgment is denied on that ground.

### A.  Liability of Corporate Defendants

The Defendants argue they are entitled to judgment in their favor because the jury's determination that the individual Defendants were not liable to the Plaintiff for defamation, while the Media General Defendants were liable, is "illogical."  (Doc. #182-1 at 1–2).  In essence, the Defendants assert that because the corporate Defendants' liability can flow only from the wrongful acts of their agents under the theory of respondeat superior, the jury's finding that the individual Defendants were not liable necessitated a finding that the corporate Defendants were also not liable.  (Doc. #182-1 at 1–2).

The Plaintiff argues in response that the jury's imposition of liability between the Defendants is not inconsistent or illogical, as there was ample evidence presented to the jury and in the record to support the jury's verdict against the Media General Defendants.  (Doc. #184).  The Plaintiff further argues that the jury received evidence regarding the actions of agents of Media General (who were not named as defendants in the instant lawsuit) other than the individual Defendants on which the jury could reasonably have predicated the Media General Defendants' liability.  (Doc. #184).

As a private figure plaintiff claiming defamation, South Carolina law required the Plaintiff to prove, by a preponderance of the evidence, that the Defendants broadcast and published the August 6, 2010 statements with "common law malice."  Erickson v. Jones St. Publishers, LLC, 368 S.C. 444, 466, 629 S.E.2d 653, 665 (2006).  Common law malice means that the Defendants "acted with ill will toward the plaintiff, or acted recklessly or wantonly, i.e., with conscious indifference of the plaintiff's rights."  Id.  The Plaintiff argues that, viewing the evidence "in the light most favorable" to him, and drawing "legitimate inferences" in his favor, there was an ample evidentiary basis for the jury to have found, as it did, that the Media General

5

Defendants "acted recklessly or wantonly, i.e. with conscious indifference" toward his rights, despite finding no liability on the part of the individual Defendants.

This Court agrees with the Plaintiff. Important to this analysis, the jury received evidence that the individual Defendants were not the only agents of the Media General Defendants who were involved in the production of the August 6, 2010 Broadcasts and Publication regarding the Plaintiff. More specifically, the jury heard evidence that some person or persons employed by Media General and with access to the August 6, 2010 story, someone other than Defendant Snyder or Defendant Boone, deleted critical and arguably exculpatory information from the draft script Defendant Snyder prepared. The jury could reasonably infer from the evidence presented at trial that significant and arguably exculpatory information was intentionally removed from the draft script by some unknown agent of the Media General Defendants prior to the broadcast of the August 6 story. Additionally, evidence was received at trial which suggested that other Media General agents and employees, including the executive producer, made decisions regarding the content of the script before the August 6 story was broadcast and published.

The information removed from the original draft script of the August 6 television broadcasts related to the alleged victim's statement that two people were involved in the alleged unlawful assault, the Plaintiff as well as a gunman. However, as noted in the draft script of the August 6 Broadcasts and Publication, the police stated, upon investigation, that video surveillance did not indicate that a second person or gunman was involved in the alleged incident. This information arguably tended to exculpate the Plaintiff, or at a minimum affected the alleged victim's credibility. Thus, the exclusion of this information tended to add to the defamatory and misleading nature of the August 6, 2010 Broadcasts and Publication. As noted, Defendant Snyder did include the information regarding the police statement that the video

6

surveillance did not support the allegations made by the alleged victim in the original draft script. It was reasonable to infer based on the evidence received at trial that the information was removed by someone other than Defendant Snyder or Defendant Boone who was employed by the Media General Defendants, and who was not identified at trial.  A reasonable jury could conclude that the deletion of that potentially exculpatory information prior to the publication of the stories made the August 6 broadcasts false and defamatory.

In light of the jury's verdict, there is a reasonable basis for the jury to find the Media General Defendants liable, but not the individual Defendants.  Thus, the Court concludes that the jury did receive evidence sufficient to allow a reasonable jury to conclude that the Media General Defendants were liable for defamation under the doctrine of respondeat superior, and that their liability flowed from the actions of their agents other than the individual Defendants, who were not individually named as defendants in this case.

In addition, the jury received evidence that no Media General employee or representative contacted the Plaintiff prior to the August 6, 2010 Broadcasts and Publication that the jury determined to be defamatory; and that no Media General employee or representative properly vetted the August 6, 2010 story prior to its broadcast and publication.  This is additional evidence from which a reasonable jury could have concluded the August 6 stories were published by the Media General Defendants with common law malice due to the action or lack of action of an agent of the Media General Defendants other than Defendant Snyder or Defendant Boone.  In sum, after careful review, based on the evidence presented, the jury reasonably could have determined and found that the August 6, 2010 Broadcasts and Publication were based on Defendant Media General's own independent reporting through its employees, and through the actions of employees other than the individual Defendants, the August 6, 2010 Broadcasts and Publication falsely conveyed that the Plaintiff was in fact guilty of the charges against him.

After careful consideration, the Court concludes that the jury's verdict for the Plaintiff against the Media General Defendants is not inconsistent and is supported by substantial evidence. The jury properly evaluated the evidence in accordance with the jury instructions. The verdict is not "illogical" merely because the jury found that the Media General Defendants were liable for the defamatory broadcasts while the individual Defendants were not. The individual Defendants were not the only individuals that acted on behalf of the Media General Defendants in connection with the August 6, 2010 Broadcasts and Publication based on the evidence presented. The jury also received evidence and testimony of other Media General employees who were involved in the production of the television broadcasts and publication of articles on the internet and in the newspaper, including the August 6 publications. The evidence supports that the jury reasonably could have found that there were employees and agents of the Media General Defendants who could have acted with common law malice in publishing the defamatory statements, other than the individual Defendants, such that liability is appropriately imposed upon the Media General Defendants through the doctrine of respondeat superior.

For these reasons, therefore, and for the reasons stated by the Plaintiff in his Response in Opposition (Doc. #184), with which this Court agrees and finds to be persuasive, the Defendants' motion for judgment as a matter of law and notwithstanding the verdict and to alter judgment is denied. (Doc. #182).

### B.  Evidence of Common Law Malice

The Defendants assert that the Plaintiff did not present sufficient evidence to prove common law malice. As discussed above, the jury heard several days of testimony regarding the actions of the Defendants in publishing the statements. After careful consideration, the Court concludes that there was sufficient evidence presented to allow the jury to conclude that the Defendants acted with common law malice in publishing the August 6 story. A reasonable jury

could have found that the Media General Defendants published the defamatory statements with common law malice and were therefore liable for defamation through the actions of their agents.

Therefore, for these reasons, and for the reasons stated by the Plaintiff in his Response in Opposition (Doc. #184), with which this Court agrees and finds persuasive, the Defendants' motion for judgment as a matter of law and notwithstanding the verdict and to alter judgment is denied. (Doc. #182).

### C. Substantial Truth

The Defendants next argue that the Plaintiff did not prove that the August 6 Publications were not substantially true. (Doc. #182-1 at 3–4). Therefore, the Defendants contend that they are entitled to judgment in their favor. (Doc. #182-1).

The jury instructions included a charge on the substantial truth defense, to which the Defendants consented. (Doc. #175 at 14). Specifically, the jury was instructed:

> "If the statements or communications were substantially true, then there has been no defamation and the Defendants cannot be held liable. . . . The law only requires that you find that the statement was substantially true in order for it to be deemed true under the law. This means that minor inaccuracies do not amount to a false statement provided that the statement overall is true in substance. . . . If you find that the statements were substantially true, then you would find for the Defendants because the truth of a statement is a complete or absolute defense to a claim for defamation."

In addition, this Court concluded in its December 16, 2013 Order denying the Defendants' motion for summary judgment that "a reasonable jury could determine that the August 6, 2010 broadcasts and publications included statements made by the Defendants which conveyed a false and defamatory impression about the Plaintiff . . . [and] a reasonable jury could arguably find that the omission of other material, and perhaps exculpatory, facts [from the publications] distorted the truth of the published statements as to make the entire publication false and defamatory." (Doc. #102 at 18–19). The jury ultimately decided that the August 6

9

Publications were false and defamatory, and not substantially true. The Court finds no basis to alter the judgment or the jury's verdict.

Therefore, for these reasons, the Defendants' motion for judgment as a matter of law and notwithstanding the verdict and to alter judgment is denied. (Doc. #182).

### D. Fair Report Privilege and Opinion

Next, the Defendants argue that judgment should be entered for the Defendants because the August 6 Broadcasts and Publication are protected by the fair report and neutral reporting privileges or were opinion. (Doc. #182-1 at 4).

In this Court's December 16, 2013 Order (Doc. #102) denying summary judgment, this Court reasoned that the fair report privilege was inapplicable to the publications at issue in this case. In addition, this Court concluded that the alleged defamatory statements were not statements of opinion. (Doc. #102 at 16–17).

Despite the Court's previous conclusion regarding the fair report privilege and opinion, the parties agreed and the court did charge the jury on the defenses of fair report privilege and opinion. Moreover, neither party objected to the jury instructions or verdict form ultimately given. Specifically, with regard to the law governing statements of opinion, the jury was instructed: "To be defamatory, a statement must be false, and to be false it must be factual in nature. Statements of an opinion cannot be the basis of a lawsuit for defamation. A statement that is sufficiently factual to be susceptible of being proved true or false is not an opinion, but rather is a statement of fact." (Doc. #175 at 10). The Court instructed the jury as requested by both parties.

As far as the fair report privilege, the jury was given a thorough instruction that was a correct and accurate charge on the law. (Doc. #175 at 16–17). The Defendants did not make any pretrial or trial motions based on the neutral reporting privilege, and they may not raise the issue

for the first time in this post-trial motion. Moreover, assuming that the question of the neutral reporting privilege is properly raised, the Court finds the privilege inapplicable to this case.

The Court concludes that there was substantial evidence from which the jury could conclude that the August 6 Publications were not protected by the fair report privilege, nor were they statements of opinion. Therefore, the Defendants' motion for judgment as a matter of law and notwithstanding the verdict and to alter the judgment is denied. (Doc. #182).

### E.  Plaintiff Tharp is a Private Figure

The Defendants further assert that the Plaintiff is a general public figure, limited public figure, or involuntary public figure and, as such, he was required to prove constitutional malice by clear and convincing evidence. (Doc. #182-1 at 5–6). Whether a plaintiff in a defamation case is a public or private figure is a question of law for the Court to decide. Rosenblatt v. Baer, 383 U.S. 75, 87 (1966); Erickson, 368 S.C. at 474, 629 S.E.2d at 669; see also Foretich v. Capital Cities/ABC, Inc., 37 F.3d 1541, 1551 (4th Cir. 1994). "The determination [of the plaintiff's status] is a matter of law which must be decided by the court, on a case by case basis after careful examination of the facts and circumstances, before the jury is charged on the law or asked to resolve a case." Erickson, 368 S.C. at 468–69, 629 S.E.2d at 665–66.

In the instant case, before the jury was charged on the law, this Court decided that the Plaintiff is a private figure plaintiff. (Doc. #102 at 5–10; Doc. #161; Doc. #173; Doc. #175). As such, the Plaintiff was required to "plead and prove common law malice." Erickson, 368 S.C. at 475–76, 629 S.E.2d at 670.

The Court carefully examined this issue and concluded that the Plaintiff is a private figure. The Defendants have not provided a basis for this Court to amend its original conclusion. Therefore, the Defendants' motion for judgment as a matter of law and notwithstanding the verdict and to alter or amend is denied.

## **CONCLUSION**

After careful consideration, for the reasons stated herein and appearing in the record, the Defendants' motion for judgment notwithstanding the verdict, new trial, and/or to alter or amend the judgment is hereby **DENIED**.

**IT IS SO ORDERED.**

s/ Terry L. Wooten<br>
Terry L. Wooten<br>
Chief United States District Judge

September 2, 2014
Columbia, South Carolina